IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ollie McKee, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 10 C 6206 |
| Leading Edge Recovery Solutions, LLC, an Illinois limited liability company, LVNV Funding, LLC, a Delaware limited liability company and Financial Recovery Services, Inc., a Minnesota corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Ollie McKee, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; b) one Defendant is headquartered here; and, c) all Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Ollie McKee ("McKee"), is a citizen of the State of Michigan, from whom Defendants attempted to collect a delinquent consumer debt owed for a Citibank

credit card, which was then allegedly owed to a bad debt buyer, LVNV Funding, LLC. These collection actions took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Leading Edge Recovery Solutions, LLC ("LERS"), is an Illinois limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. From its headquarters in Chicago, Illinois, LERS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant LERS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendants LERS and Financial Recovery Services.

7. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant FRS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

8. All of the Defendants are licensed to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct business in Illinois by collecting delinquent consumer debts from hundreds of Illinois consumers.

9. All of the Defendants are licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants act as debt collectors in Illinois.

## FACTUAL ALLEGATIONS

10. Ms. McKee is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a debt she owed for a Citibank credit card. At some point in time after that debt became delinquent, Defendant LVNV bought Ms. McKee's Citibank debt.

11. Defendant LVNV began trying to collect this debt from Ms. McKee, by having Defendant LERS send her an initial collection letter, dated June 1, 2010, which identified Citibank as the "Original Creditor", but which also identified LVNV Funding as the "Creditor". The letter failed to explain what, if any, the difference was between the two or what, if any, the relationship was between Citibank and LVNV Funding – a servicer, a new name for Citibank or the current creditor. A copy of this collection letter is attached as Exhibit C.

12. Accordingly, Ms. McKee sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions. On July 28, 2010, one of Ms. McKee's attorneys at LASPD informed Defendants LVNV, in writing, through its agent, LERS, that Ms. McKee was represented by counsel, and directed Defendants to cease contacting her, and to cease all further collection activities because Ms. McKee was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

13. Nonetheless, despite being advised that Ms. McKee was represented by counsel and refused to pay the debt, Defendant LVNV had Defendant FRS send Ms. McKee a collection letter, dated August 2, 2010, which demanded payment of the Citibank debt. A copy of this letter is attached as Exhibit E.

14. Accordingly, on September 9, 2010, Ms. McKee's attorneys at LASPD again informed Defendants that they must cease their collection actions and cease communications. Copies of this letter and fax confirmation are attached as Exhibit F.

15. Defendants' collection actions occurred within one year of the date of this Complaint.

16. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

17. Plaintiff adopts and realleges ¶¶ 1-16. This allegation is brought solely

4

against Defendants LERS and LVNV.

18.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

19.     Defendants' June 1, 2010 form collection letter was their first communication with Ms. McKee; however, it fails to identify effectively the name of the current creditor, and Defendants did not provide that information within five days of this initial communication. Defendants' form collection letter thus violates § 1692g(2) of the FDCPA.

20.     Defendants LERS's and LVNV's violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA --
### Making A False Statement Of The Name Of Creditor

21.     Plaintiff adopts and realleges ¶¶ 1-16. This allegation is brought solely against Defendants LERS and LVNV.

22.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt. See, 15 U.S.C. § 1692e.

23.     Defendants' violation of § 1692e of the FDCPA, includes, but is not limited to making a false, deceptive or misleading statement as to the name of the creditor to whom the debt is owed.

24. Defendants LERS's and LVNV's violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

25. Plaintiff adopts and realleges ¶¶ 1-16. This allegation is brought solely against Defendants LVNV and FRS.

26. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

27. Here, the letter from Ms. McKee's agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

28. Defendants LVNV's and FRS's violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT IV
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

29. Plaintiff adopts and realleges ¶¶ 1-16. This allegation is brought solely against Defendants LVNV and FRS.

30. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

31. Defendants knew, or readily could have known, that Ms. McKee was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, that Ms. McKee was represented by counsel, and had demanded a cessation of communications with Ms. McKee. By directly sending Ms. McKee the collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

32. Defendants LVNV's and FRS's violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ollie McKee, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff McKee, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ollie McKee, demands trial by jury.

Ollie McKee,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 28, 2010


David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com